COLLOTON, Circuit Judge,
concurring in part and dissenting in part.
I agree with the court’s conclusion that the district court abused its discretion in excluding testimony of Kristen Hinman of the Riverfront Times newspaper in St. Louis. Jane Doe should have been permitted to introduce Hinman’s testimony in support of her claims against Aesthetic Surgery Associates, Inc., and three of its doctors (“the doctors”). The claims were based on the doctors’ disclosure of nude photographs of Doe’s body to the Riverfront Times and the resulting publication of those photographs by the newspaper. As a result of the evidentiary error, “the jury was allowed to hear only one side of the story, crippling [Doe’s] ability to counter the [doctors’] assertion that they were less culpable because Hinman violated the [doctors’] trust by publishing the pictures against their direction and without their knowledge.” Ante, at 733. I concur in the *738 remand for a new trial on punitive damages for the doctors’ breach of fiduciary-duty. I dissent, however, from the court’s decision to leave in place the judgment on Doe’s invasion of privacy claim that was rendered on this flawed record.
Doe should receive a new trial on her claim of invasion of privacy. The jury was instructed to rule for Doe on this claim if “the defendants’ giving of plaintiffs photographs to the Riverfront Times Newspaper brought her shame and humiliation and as a result thereof she was damaged.” Doe’s theory was that the doctors’ giving of the photographs to the newspaper brought her shame and humiliation because the disclosure led directly to the publication of the photographs in a metropolitan newspaper. The erroneous exclusion of Hinman’s testimony, however, left the jury with a record indicating that the doctors should not be blamed for the publication of the photographs and the resulting shame and humiliation, because they were misled by a reporter from the Riverfront Times. The error thus affected Doe’s substantial rights.
The court affirms the judgment against Doe on invasion of privacy, concluding that the evidentiary error had only slight influence on the verdict. The court suggests that the jury must have disbelieved Doe and determined that she did not suffer shame and humiliation at all. Ante, at 736. This explanation for the verdict is unlikely; even the final argument for the doctors conceded the injury: “Am I trying to tell you that Ms. Doe was not embarrassed, did not suffer humiliation and shame in the things that she’s talked to and that made her very upset? Absolutely not. I don’t doubt for a second that she suffered these things, nor do my clients.” R. Doc. 179, Vol. 5, at 40-41. But even assuming it is conceivable that the jury rejected the concession of the doctors, the inference is not so strong as to exclude other reasonable explanations for the verdict. Doe is entitled to a trial on invasion of privacy that is not tainted by a misleading portrayal of the circumstances under which the doctors gave the photographs to the Riverfront Times.